**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-1998**

———————————

JOSE WILBER ROSA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: March 7, 2011        Decided: March 21, 2011

———————————

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Joseph M. Perez, Arlington, Virginia, for Petitioner. Tony West, Assistant Attorney General, Michelle G. Latour, Assistant Director, Jessica E. Sherman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Wilber Rosa, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for temporary protected status ("TPS"). For the reasons set forth below, we deny the petition for review.

TPS is authorized by 8 U.S.C. § 1254a (2006), and "allows eligible nationals of a foreign state to temporarily remain in the United States during the pendency of that state's designation for the TPS program." Cervantes v. Holder, 597 F.3d 229, 231 (4th Cir. 2010). The Attorney General designated El Salvador for the TPS program on March 9, 2001, based on the devastating earthquakes that the country suffered in early 2001. 66 Fed. Reg. 14214 (Mar. 9, 2001). The initial registration period began on March 9, 2001, and ended on September 9, 2002. Id. at 14214-15. The designation has been extended on numerous occasions, and is currently set to expire on March 9, 2012. 75 Fed. Reg. 39556 (July 9, 2010).

Rosa filed his application for TPS on September 13, 2006, four years after the initial registration period ended. The regulations implementing the TPS statute, however, carve out an exception to the initial registration period and provide that an applicant may qualify for "late initial registration" if, at

2

the time of the initial registration period: (1) the applicant was in valid nonimmigrant status or had been granted voluntary departure or other relief from removal; (2) the applicant had a pending application for change of status, adjustment of status, asylum, voluntary departure, or other relief from removal, or such application was subject to further review or appeal; (3) the applicant was a parolee or had a pending request for reparole; or (4) the applicant was the spouse or child of an alien who was eligible to be a TPS registrant. 8 C.F.R. § 1244.2(f)(2) (2010). Because Rosa failed to file his application during the initial registration period or demonstrate his eligibility for late initial registration under § 1244.2(f)(2), the immigration judge and the Board properly found him ineligible for TPS.

Rosa, however, argues that the registration requirements for TPS set forth in 8 C.F.R. § 1244.2 are overly restrictive and conflict with the governing statute. In reviewing Rosa's challenge to the regulation, we employ the two-step analysis prescribed by the Supreme Court in Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). See Suisa v. Holder, 609 F.3d 314, 318 (4th Cir. 2010). Under Chevron, the plain meaning of the statute controls if the provision in question is unambiguous. Suisa, 609 F.3d at 318; Saintha v. Mukasey, 516 F.3d 243, 251 (4th Cir. 2008). If,

3

however, "the statute is silent or ambiguous with respect to the precise issue, then [the Court] must decide whether the agency's interpretation of the statute is reasonable, and thus, entitled to deference." Suisa, 609 F.3d at 318.

We have thoroughly considered Rosa's challenges to the regulation at issue and find them without merit. Because the intent of Congress to delegate authority to the Attorney General to establish a registration deadline was clear and unambiguous, see 8 U.S.C. § 1254a(c)(1)(A)(iv) (2006), we defer to the Attorney General's creation of the initial registration period under the first step of Chevron. Applying the second step of Chevron, we find that the Attorney General's promulgation of 8 C.F.R. § 1244.2(f) (2010), which provides for late initial registration for certain TPS applicants, was based on a reasonable interpretation of § 1254a(c)(1)(A)(iv) and was not arbitrary, capricious, or manifestly contrary to law. See Chevron, 467 U.S. at 844 (providing that a regulation promulgated to fill a gap left, implicitly or explicitly, by Congress is "given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute"); Suisa, 609 F.3d at 319 (same).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>